

PO Box 950, Bala Cynwyd, PA 19004-0950     Steve Esbensen
Phone: 610-617-7723 ● Fax: 866-858-5316     Claims Specialist
    Email: steve.esbensen@phly.com

September 28, 2021

**VIA FIRST CLASS MAIL**
Bridgeview Place Condominium, Inc.
c/o Mr. Steve Suchorabski
7520 Claridge, Unit K
Bridgeview, IL 60455

Re:    In re: Bridgeview Place Condominium, Inc.
       Claim Nos.    1379236, 1403823
       Policy Nos.    PHPK202409, PHPK1865132

Mr. Suchorabski,

Philadelphia Indemnity Insurance Company ("Philadelphia") received notice of Bridgeview Place Condominium, Inc.'s ("Bridgeview") claim under Policy No. PHPK202409 ("2020 Policy") for hail and wind damage to approximately thirty-seven (37) scheduled properties ("Properties") on the 2020 Policy. The loss was reported to have occurred on April 7, 2020. As a result of this occurrence, coverage has been requested under the 2020 Policy. As you know, weather records provided during the course of the investigation indicated that the hail and wind event for which Bridgeview seeks coverage likely occurred not on April 7, 2020, but rather on May 27, 2019. As such, Philadelphia opened Claim No. 1403823 ("Claim") under Bridgeview's 2019-2020 Policy, bearing Policy No. PHPK1865132 ("Policy").

     **1.     Bridgeview's Appraisal Demand**

Philadelphia acknowledges receipt of Bridgeview's written demand for appraisal, dated and received on September 9, 2021. Bridgeview's appraisal demand references the 2020 Policy, as well as the original claim number associated with the claim filed under the 2020 Policy. As you know, Philadelphia reopened Bridgeview's claim under an earlier Policy after discovering the date of loss was actually May 27, 2019 and not April 7, 2020. Accordingly, this response letter and Philadelphia's position is predicated on the understanding that Bridgeview's appraisal demand contained a scrivener's error and erroneously referenced the 2020 Policy and April 7, 2020 date of loss, when, in fact, it should have referenced a May 27, 2019 date of loss and seeks to invoke appraisal under that Policy year. To the extent that Bridgeview maintains a position contrary to this understanding, please advise Philadelphia immediately and in writing.

As it pertains to appraisal, the Policy provides:

     **E.     Loss Conditions**

*********

**2. Appraisal**

If we and you disagree on the value of the property or the amount of **"loss"**, either may make written demand for an appraisal of the **"loss"**. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of **"loss"**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Bridgeview's appraisal demand implicates certain issues of coverage under the Policy. Specifically, the following coverage issues, for which rights were previously reserved on July 27, 2020 are implicated by the appraisal demand:

**H. POLICY PERIOD, COVERAGE TERRITORY**
Under this Coverage Part:
1. We cover loss or damage commencing:
　　a. During the policy period showing the Declarations; and
　　b. Within the coverage territory. (*Commercial Property Conditions Form No. CP 00 90 07 88)*
　　　*　*　*　*　*
**B. Exclusions**
　2.　We will not pay for "loss" caused by or resulting from any of the following:
　　(d)　(1)　Wear and tear;
　　　　(2)　Rust, corrosion, fungus, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
　　　　(3)　Smog
　　　　(4)　Settling, cracking, shrinking or expansion; *(Cause of Loss Form, Form No. PI-ULT-008 11.98)*

Additionally, the following additional coverage issues are implicated by Bridgeview's appraisal demand:

**PROPERTY COVERAGE FORM**

* * * * *

**A.** **Coverage**

We will pay for direct physical **"loss"** to Covered Property caused by or resulting from any of the Covered Causes of Loss.

    **1.** **Covered Property**

    Covered Property, as used in this Coverage Form, means the following types of property for which a Limit of Insurance is shown in the Declarations.

* * * * *

    **b.** **"Buildings"** described in the Declarations including:

* * * * *

**G.** **Definitions**

    **1. "Buildings"** means buildings or structures.

* * * * *

    **7. "Loss"** means accidental loss or damage.

<u>**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**</u>

**CAUSES OF LOSS FORM**

* * * * *

**A.** **Covered Causes of Loss.**

**Covered Causes of Loss** means Risks of Direct Physical Loss unless the **"loss"** is:

    **1.** Excluded in Section **B., Exclusions;** or

    **2.** Limited in Section C., **Limitations;**

that follow.

* * * * *

<u>**PROPERTY COVERAGE FORM**</u>

* * * * *

**E.** **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

* * * * *

Bridgeview Place Condominium, Inc.
September 28, 2021
Page 4 of 5

**4.** **Loss Payment**
    a.    In the event of **"loss"** to Covered Property covered by this Coverage form, at our option, we will either:
        **(1)**    Pay the value of lost or damaged property;
        **(2)**    Pay the cost of repairing or replacing the lost or damaged property;
        **(3)**    Take all or any part of the property at an agreed or appraised value; or
        **(4)**    Repair, rebuild or replace the property with other property of like kind and quality.

        \*    \*    \*    \*    \*

**7.** **Valuation**
We will determine the value of Covered Property in the event of **"loss"** as follows:
    a.    At replacement cost (without deduction for depreciation) as of the time of **"loss"**, except as provided in **b., c., d., e., f., g.,** and **h.** below.
        **(1)**    We will not pay more for **"loss"** on a replacmeent costs basis than the least of:
            **(a)** The Limit of Insurance applicable to the lost or damaged property;
            **(b)** The cost to replace the lost or damaged property with other property;
                **(i)** Of comparable material and quality; and
                **(ii)** Use for the same purpose; or
            **(c)**    The amount you actually spend that is ncessary to repair or repalce the lost or damaged property.

Philadelphia is amenable to submitting this matter to appraisal under the Policy, so long as certain protocols are put in place to ensure that the appraisal, and any award comports with Illinois law on what can be appraised, what is compensable under the Policy and reserves the above coverage questions for subsequent judicial review. This would include a requirement that any award be rendered on a line-item, property by property basis – in the same manner that Eco Shield Public Adjusters and JS Held estimated the loss. This would also include the requirement that any award delineate any item that is based on a matching component, as the condition of some of the Properties implicates an unsettled area of law. Enclosed is a draft of suggested appraisal protocols for consideration. Please review and return a signed copy to my attention.

Due to these coverage and legal questions, Philadelphia's participation in the appraisal will be conducted pursuant to a full and complete reservation of all rights, and with the understanding that the parties can agree to the enclosed protocol to ensure that the process and the award comports with Illinois law. Pursuant to the terms and conditions of the policy, Philadelphia has selected Mr. Raymond Pawlak of RayMar Consulting, LLC to serve as its competent and impartial appraiser. Mr. Pawlak can be reached at (630) 777-4302 and by email at ray.pawlak@gmc-usa.com. Following the execution of the enclosed appraisal protocol, please

Bridgeview Place Condominium, Inc.
September 28, 2021
Page 5 of 5

have Bridgeview's appraiser, Thomas Zordan contact Appraiser Pawlak so that the two can begin the process and attempt to agree on an umpire. *Please note that due to the coverage questions implicated by Bridgeview's demand, Philadelphia is requiring as a condition of its participation in the demanded appraisal that an authorized representative of Bridgeview execute the enclosed appraisal protocol.*

### 2. Full and Supplemental Reservation of Rights

Lastly, please be advised that Philadelphia is now reserving supplemental rights based on the Policy language and provisions referenced above. The supplemental reservation of rights is without prejudice to its prior reservations of rights, which remain in full force and effect. That is, Philadelphia reserves all its rights under the Policy, including its right to refuse to provide coverage beyond those amounts already remitted, based on the policy language and the facts of the claim. It is possible that there are additional reasons why coverage would not apply. Neither this letter nor any act by any representative of Philadelphia should be construed to be a waiver of any of the Policy terms and conditions; on the contrary, Philadelphia specifically reserves its right to rely on the Policy language, and to deny coverage for any valid reason that may appear. All of the terms and conditions of the Policy, as well as any rights or defenses available under the law are hereby reserved. Philadelphia retains the right to demand full compliance by Bridgeview and its representatives with all of the terms and conditions of the Policy.

Part 919 of the Rules of the Illinois Department of Insurance requires that we advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 West Randolph, Suite 15-100, Chicago, Illinois 60601 and in Springfield at 320 West Washington Street, Springfield, Illinois 62767.

Regards,

*Steve Esbensen*

Steve Esbensen, Claim Specialist
Philadelphia Insurance Companies
(610) 617-7723
Email: steve.esbensen@phly.com

/Enclosure

cc: James P. DuChateau, Esq.
(james.duchateau@heplerbroom.com)

Erik Jaske, AIC
(ejaske@englemartin.com)

Ms. Michaelene Conrad
MC Property Management, Inc.
14224 McCarthy Road
Lemont, IL 60439

Bridgeview Place Condominium, Inc.
September 28, 2021
Page 6 of 5

Emanuel Mejia, PA
(ecoshield.mejia@gmail.com)